IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH REYES,

    **Petitioner,**

v.                                                      **CIVIL ACTION NO. 5:05CV90**
                                                          **(Judge Stamp)**

K.J. WENDT,

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. PROCEDURAL HISTORY

On July 6, 2005, the *pro se* petitioner, an inmate at FCI-Gilmer, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241 seeking to have this Court vacate his conviction for use of a firearm and remand his case to the district court for resentencing.

### II. FACTS and CONTENTIONS

The petitioner was convicted in the United States District Court for the Southern District of Florida of conspiracy to possess cocaine with the intent to distribute and use of a firearm during the commission of the drug offense. On May 2, 1994, the petitioner was sentenced to 480 months on Count One and 60 months on Count Two to be served consecutively. The petitioner's conviction and sentence were affirmed in November 1995, by the Eleventh Circuit Court of Appeals. The petitioner then filed two unsuccessful §2255 motions. Now, the petitioner attempts to seek habeas relief from this Court. In his petition, the petitioner asserts that he is actually innocent of the firearm conviction in light of Bailey v. United States, 516 U.S. 137 (1995).

1

This matter, which is pending before me for Report and Recommendation pursuant to LR PL P 83.09, is ripe for review. As discussed below, the undersigned recommends that the petitioner's §2241 petition be denied.

## II. ANALYSIS

The petitioner attempts to challenge his conviction and sentence by alleging he did not "use" the firearm and is entitled to relief under Bailey, supra.

A federal prisoner may seek relief under 28 U.S.C. §2241 when 28 U.S.C. §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the court concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[1]

---

[1] The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C.§ 2255 ; see Jones, 226 F.3d at 330.

Jones, 226 F.3d at 333-34.

In the instant case, the petitioner did not file his first §2255 motion until April 21, 1997. Because Bailey was decided on December 6, 1995, prior to his filing his first §2255 motion , the petitioner already had the opportunity to bring a Bailey claim. Thus, the petitioner is not entitled to raise a Bailey claim via a §2241 petition because §2255 was not ineffective or inadequate to test the legality of his detention.

### III. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be DENIED and DISMISSED WITH PREJUDICE because §2255 was not ineffective or inadequate to bring his Bailey claim.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner.

DATED: September 27, 2005

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE