IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH REYES,

    Petitioner,

v.                                Civil Action No. 5:05CV90
                                      (STAMP)

K.J. WENDT, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

On July 6, 2005, the petitioner, Joseph Reyes ("Reyes"), appearing pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court referred the case to United States Magistrate Judge James E. Seibert, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), to recommend disposition of this matter.

On September 27, 2005, Magistrate Judge Seibert filed a report recommending that the § 2241 petition be denied and dismissed with prejudice. The magistrate judge also informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with copies of this report. No objections have been filed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is made. As to those portions of

a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because no objections have been filed, this Court reviews under the "clearly erroneous" standard, and is of the opinion that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

The petitioner was sentenced to consecutive sentences of 480 and 60 months imprisonment after he was convicted of one count of conspiracy to possess and distribute cocaine, and second count of use of a firearm during the commission of his drug offense. The petitioner's conviction and sentence were affirmed on appeal and he filed two unsuccessful § 2255 motions. In his § 2241 petition, petitioner contends his sentence should be vacated because he did not "use" the firearm as required by the holding in Bailey v. United States, 516 U.S. 137, 147 (1995). He argues that his § 2241 petition is appropriate because § 2255 was "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997).

In his report, the magistrate judge correctly finds that the Supreme Court's opinion in Bailey was available to the petitioner before his first § 2255 was filed on April 21, 1997. Therefore, this Court agrees that the petitioner has already had an opportunity to bring a Bailey claim, and therefore, the petitioner's earlier § 2255 was not ineffective or inadequate to

2

test the legality of his detention.  Thus, this Court finds that the petitioner's § 2241 must be denied.

## II. Conclusion

Because this Court concludes that the magistrate judge's recommendation is not clearly erroneous, this Court AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety.  Accordingly, this § 2241 petition is DENIED and this civil action is DISMISSED and STRICKEN from the active docket of this Court.

Because the petitioner failed to file written objections within ten days of the magistrate judge's report and recommendation, the petitioner has waived his right to appeal this decision.  See Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to the petitioner and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    November 8, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE