IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH REYES,

    Petitioner,

v.                                  Civil Action No. 5:05CV90
                                          (STAMP)
K.J. WENDT,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

Joseph Reyes ("Reyes"), an inmate at FCI Gilmer, was convicted in the United States District Court for the Southern District of Florida of (1) conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846 and (2) use of a firearm during the commission of a drug trafficking offense in violation of 21 U.S.C. § 924(c)(1). On May 2, 1994, petitioner was sentenced to 480 months on Count One and 60 months on Count Two to be served consecutively. Petitioner's sentence and conviction were affirmed by the United States Court of Appeals for the Eleventh Circuit in November 1995. On April 21, 1997, petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The motion was subsequently denied on August 24, 1998. Approximately three years later, on May 15, 2001, petitioner filed a second § 2255 motion that was denied on June 22, 2001.

On July 6, 2005, petitioner filed a pro se petition for habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Reyes asserts that he is actually innocent of the § 924(c)(1) firearm conviction in light of Bailey v. United States, 516 U.S. 137 (1995), which clarified the definition of "use" of a firearm to require active employment. Therefore, petitioner seeks to have this Court vacate that portion of his conviction and resentence him accordingly. The petition was referred to United States Magistrate Judge James E. Seibert for preliminary review pursuant to Local Rule of Prisoner Litigation Procedure 83.09. On September 27, 2005, Magistrate Judge Seibert issued a report recommending that petitioner's § 2241 petition be denied and dismissed with prejudice. On November 8, 2005, this Court entered a memorandum opinion and order affirming and adopting the report and recommendation of the magistrate judge.

On November 30, 2005, petitioner filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). Petitioner asserted that he never received a copy of the magistrate judge's report and recommendation and therefore did not have an opportunity to file objections to the report. This Court granted the petitioner's motion for reconsideration on August 23, 2006 to permit petitioner time to file objections. On September 8, 2006, petitioner filed objections to the magistrate judge's report and recommendation.

## II. Discussion

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner in this case filed objections to the report and recommendation, this Court will undertake a de novo review.

A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision. In re Vial, 115 F.3d at 1194 n.5 (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the

3

prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328 (4th Cir. 2000).

In this case, prongs one and three of the Jones test have been met. The first prong is satisfied because, in 1994, when petitioner was convicted, proof of active employment of a firearm was not required to establish "use" of a firearm in violation of 18 U.S.C. § 924(c)(1). See United States v. Paz, 927 F.2d 176, 179 (4th Cir. 1991)("use" of a firearm under § 924(c)(1) can be established by proving that "the firearm [was] present for protection and to facilitate the likelihood of success [of the drug trafficking offense], whether or not it [was] actually used").

The third prong is also met in this case because petitioner cannot satisfy the gate-keeping provisions of § 2255. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") added gate-keeping provisions to § 2255 to restrict the availability of collateral review when a petitioner has previously challenged his conviction on collateral review. In order for a district court to have jurisdiction to hear a successive § 2255 petition, a Court of Appeals must certify that the petition contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

4

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. In this case, petitioner has previously filed two § 2255 motions and does not meet the criteria for leave to file another because no newly discovered evidence is alleged and the rule announced in Bailey is a new rule of statutory rather than constitutional law. See United States v. Lorentsen, 106 F.3d 278, 279 (9th Cir. 1997); Nunez v. United States, 96 F.3d 990, 992 (7th Cir. 1996); Hohn v. United States, 99 F.3d 892, 893 (8th Cir. 1996).

Nonetheless, even though petitioner satisfies the first and third prongs of the Jones test for inadequacy or ineffectiveness of § 2255, the magistrate judge correctly determined that petitioner fails to satisfy the second prong. The second prong of the Jones test requires that after both petitioner's appeal of his conviction and his first § 2255 motion, a substantive change of law must have occurred such that the conduct of which the prisoner was convicted is no longer deemed to be criminal.

In this case, such a substantive change of law did occur on December 6, 1995. See Bailey v. United States, 516 U.S. 137 (1995) (holding that conviction under 18 U.S.C. § 924(c)(1) which criminalizes "use" of a firearm in relation to a drug trafficking offense requires evidence sufficient to show active employment of a firearm by the defendant). However, although this change

5

occurred after petitioner's appeal, it occurred <u>before</u> petitioner's first § 2255 motion (which was filed on April 21, 1997). Therefore, the magistrate judge correctly concluded that the petitioner is not entitled to now raise a <u>Bailey</u> claim via a § 2241 petition because at the time he filed his first § 2255 motion petitioner had the opportunity to raise <u>Bailey</u> but failed to do so. In his objections to the magistrate judge's report and recommendation, petitioner does not dispute his failure to satisfy prong two of the <u>Jones</u> test. Rather, petitioner argues that this Court should not apply <u>Jones</u>, which is the prevailing law in this Circuit, because over the past twelve years petitioner has been housed in four different circuits with each having its own standard regarding when § 2255 will be considered "inadequate or ineffective."

Petitioner's argument is unavailing. Regardless of the location of petitioner's conviction or previous places of incarceration, petitioner is currently housed at FCI Gilmer and as such is subject to the jurisdiction of this Court. Because this Court is located within the Fourth Circuit, the case law of the United States Court of Appeals for the Fourth Circuit is mandatory authority. Thus, petitioner cannot avoid the application of <u>Jones</u> to his § 2241 petition. Accordingly, the magistrate judge was correct in concluding that because § 2255 was not ineffective or inadequate to test the legality of petitioner's detention,

6

petitioner is not entitled to raise a Bailey claim here via a § 2241 petition.

### III. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety.  Accordingly, the petitioner's § 2241 motion is DENIED WITH PREJUDICE.  This civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to petitioner and counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    December 11, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE